IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD BALDWIN,
    Plaintiff,

vs.                            Case No.:3:14cv157/MCR/MD

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
    Defendant.
_____

## REPORT AND RECOMMENDATION

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401, *et seq*. It is now before the court pursuant to 42 U.S.C. § 405(g) of the Act for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Mr. Baldwin's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401–34.

    Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

    On July 21, 2010, Mr. Baldwin filed an application for a disability insurance benefits, in which he alleged disability beginning September 30, 2003 (tr. 19).[1] His application was denied initially and on reconsideration, and Mr. Baldwin requested a hearing before an administrative law judge ("ALJ"). A hearing was held on April 4, 2012 at which Mr. Baldwin

---

[1] All references to "tr." refer to the transcript of Social Security Administration record filed on December 15, 2014 (doc. 14). Moreover, the page numbers refer to those found on the lower right-hand corner of each page of the transcript, as opposed to those assigned by the court's electronic docketing system.

testified. A vocational expert also testified. On May 17, 2012, the ALJ issued a decision in which he found Mr. Baldwin "not disabled," as defined under the Act, at any time through the date of his decision (tr. 19–29). On January 30, 2014, the Appeals Council denied Mr. Baldwin's request for review (tr. 1). Thus, the decision of the ALJ stands as the final decision of the Commissioner, subject to review in this court. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007). This appeal followed.

## FINDINGS OF THE ALJ

On May 17, 2012, the ALJ made several findings relative to the issues raised in this appeal (tr. 19-29):

1) Mr. Baldwin last met the insured status requirements of the Act on December 31, 2007;[2]

2) Mr. Baldwin did not engage in substantial gainful activity during the relevant period from his alleged onset date of September 30, 2003 through his date last insured of December 31, 2007;

3) Through the date last insured, Mr. Baldwin had the following severe impairments: grade IV hemorrhoids (with prolapsing); arthritis; degenerative changes in the lumbar spine; bipolar disorder; personality disorder; and history of polysubstance dependence;

4) Through the date last insured, Mr. Baldwin did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;

5) After careful consideration of the entire record, the ALJ found that, through the date last insured, Mr. Baldwin had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except Mr. Baldwin is limited to work which will only require Mr. Baldwin to: lift/carry up to 20 pounds occasionally; lift/carry up to 10 pounds frequently; sit, stand or walk up to 6 hours each during an 8-hour workday; occasionally push/pull with the lower extremities; never climb ladders, ropes, scaffolding, ramps or stairs; rarely (i.e., 5% of the workday or less) crouch, kneel or crawl; never operate moving machinery, work at unprotected heights or drive automotive equipment. He can only perform simple, routine tasks; rarely make decisions; rarely adapt to changes in the work

---

[2]Thus, the relevant period for this appeal is September 30, 2003 (alleged onset) to December 31, 2007 (the date last insured).

Case No.: 3:14cv157/MCR/MD

setting; and never interact with the public (either in person or telephonically).

      6)    Through the date last insured, Mr. Baldwin was unable to perform any past relevant work;

      7)    Mr. Baldwin was born on March 15, 1060 and was 47 years old, which is defined as a younger individual age 18 - 49, on the date last insured;

      8)    Mr. Baldwin has at least a high school education and is able to communicate in English;

      9)    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Mr. Baldwin is "not disabled," whether or not Mr. Baldwin has transferable job skills;

      10)    Through the date last insured, considering Mr. Baldwin's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Mr. Baldwin could have performed;

      11)    Mr. Baldwin was not under a disability, as defined in the Act, at any time from September 30, 2003, the alleged onset set, through December 31, 2007, the date last insured.

## STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also* Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991). As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported

by substantial evidence. 42 U.S.C. § 405(g); Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998); Lewis, 125 F.3d at 1439; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). Substantial evidence is more than a scintilla, but not a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); Lewis, 125 F.3d at 1439. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do her/his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)–(g), the Commissioner analyzes a disability claim in five steps:

    1.    If the claimant is performing substantial gainful activity, he is not disabled.

    2.    If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

    3.    If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.

5. Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. 20 C.F.R. § 404.1512. If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must then prove he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

MR. BALDWIN'S PERSONAL, EMPLOYMENT AND MEDICAL HISTORY

A. Personal History

Mr. Baldwin was born on March 15, 1960. Thus, at the time of the alleged onset date of his disabilities, he was forty-three (43) years old. He had at least a high school education (tr. 31).

B. Relevant Medical History

The medical evidence establishes, and the ALJ found, that Mr. Baldwin suffers from grade IV hemorrhoids (with prolapsing), arthritis, degenerative changes in the lumbar spine, bipolar disorder, personality disorder, and history of polysubstance dependence (tr. 21).

On August 12, 2010, Mr. Baldwin reported to the Social Security Administration that his "[lower back hurts and it's difficult to walk. Can't do heavy lifting or prolonged standing. His back condition has largely been the same since 2007. He takes [over the counter medications] and non-narcotic pain [medicines]. [The medication] helps but doesn't completely nullify the pain. . . . When he walks, he limps slightly to the [right]...." (Tr.161).

Mr. Baldwin's report is consistent with his treatment records, which show he suffers

from degenerative disc disease of the lumbar spine, and arthritis. Mr. Baldwin's Florida Department of Corrections medical records evidence his ongoing medical conditions. For example, on August 22, 2006, his treatment notes give an assessment of chronic low back pain and Degenerative Disease of the lumbar spine ("Chronic LBP / DEGENERATIVE JOINT DISEASE L Spine"). (T. 726). On April 26, 2007, his treatment notes give an assessment of Degenerative Disc Disease in the lumbar spine and osteoarthritis ("DDD lumbar spine / OA"). (T.723).

His medical records with the Department of Veterans Affairs ("VA") evidence ongoing spinal problems and arthritis from 2007 through the date last insured (tr. 220-310 and 668-1217). Mr. Baldwin also has a history of treatment for mental impairments (tr. 220-310 and 668-1217). He has been treated for symptoms of depressed mood, anxiety, mood swings, and other mental disorders. *Id.* He has been hospitalized twice for depression. *Id.* He has been diagnosed with bipolar disorder and personality disorder. *Id.* His treatment included prescription medications such as Wellbutrin, Vistaril, and Depakote. *Id.*

## DISCUSSION

The only claim for relief Mr. Baldwin raises in this appeal relates to his 100% disability rating by the VA. He contends that the ALJ erred in failing to accord the VA rating great weight, or any weight at all. In that regard, the ALJ stated:

> The undersigned notes that the Department of Veterans Affairs and this Agency are different agencies and utilize different standards for determining whether an individual is "disabled". The terms "disabled" and "disability" have very specific meanings for the purpose of the present analysis (as defined above). The fact that the Department of Veterans Affairs considers the claimant "disabled" according to its rules and regulations, does not direct a similar finding by this Agency. Therefore, the undersigned will continue the five-step analysis described earlier in this decision.

(Tr. 25)

It is clear in the Eleventh Circuit that a disability rating by the VA is not binding on the Commissioner, but is entitled to great weight, and that it is error for the Commissioner

to ignore it. Falcon v. Heckler, 732 F.2d 827 (11th Cir. 1984) (holding that because Florida workers compensation disability law and Social Security disability law operate similarly, the ALJ must give great weight to a workers compensation decision); Bloodsworth v. Heckler, 703 F.2d 1233, 1241 (11th Cir. 1983) (holding that "findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A, March 25, 1981)[3] (holding that "a V[eterans] A[dministration] rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight . . . and [in this case] should have been more closely scrutinized."); DePaepe v. Richardson, 464 F.2d 92 (5th Cir. 1972); Hogard v. Sullivan, 733 F.Supp. 1465 (M.D. Fla. 1990).

However, the decision of another governmental agency about whether a claimant is "disabled" is based on the rules of that agency and is not binding on the Commissioner. See 20 C.F.R. § 404.1504; Hughes v. Comm'r of Soc. Sec. Admin., 486 F. App'x 11,16 (11th Cir. 2012); Werner v. Comm'r of Soc. Sec., 421 F. APPX 935, 939-40 (11th Cir. 2011); Bloodsworth, 703 F.2d at 1241. Additionally, the Eleventh Circuit has held that an ALJ may implicitly address a VA disability rating by "rallying] on the VA records and referenc[ing] the disability ratings, in addition to the rest of the relevant evidence." Kemp v. Astrue, 308 F. App'x 423, 426(11th Cir. 2009).

That is precisely what the ALJ did here. In assessing Mr. Baldwin's residual functional capacity, the ALJ expressly discussed the VA's disability rating, and indicated she relied on 1,100 pages of treatment records from the VA and other treating sources, as well as on reports regarding daily activities and limitations in functioning, (tr. 25-27). Based on her review of the VA's rating and the other relevant evidence, the ALJ determined that although the VA considered Mr. Baldwin disabled according to its rules and regulations, he nevertheless did not meet the standards for disability under the Social Security Act (tr.

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

*Case No:*

25-27). See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1505(a).[4]

The ALJ's decision shows she reached her conclusions based on a review of the treatment records from the VA and other treating sources, as well as Mr. Baldwin's own reported daily activities and reported limitations in walking, lifting, and standing (tr. 25-27). As the ALJ stated, Mr. Baldwin reported he could not do heavy lifting or prolonged standing and had difficulty walking, but did not use a cane and took primarily over-the-counter medications and non-narcotic pain medication (tr. 25-26, 161). The ALJ also observed that Mr. Baldwin had reported in a January 2009 treatment note (a year after his date last insured) that his hobbies included golfing, walking, and gardening (tr. 26,224).

During the relevant period Mr. Baldwin also received therapy and medication for his mental symptoms and substance dependence issues.  He was frequently observed to have generally unremarkable mental status findings and was stable on his medication (tr. 247, 250-51,256, 258-59, 262-64, 445-48, 779, 790-93, 815, 818, 821-23, 1008, 1010-12, 1014-15,1017-19, 1022, 1024-28, 1030-31, 1033-39, 1046-47, 1050, 1052-53, 1056-57, 1061,1063-89, 1121, 1149, 1201-02, 1204, 1208-10, 1215-17). The ALJ also noted that in contrast to his complaints of concentration problems, Mr. Baldwin said he enjoyed golfing and watching television, particularly news (tr. 23, 26, 161, 224).

Upon a complete review of the ALJ's decision and the medical records in the file, it is apparent that the VA records were "closely scrutinized," Rodriguez, 703 F,2d at 1241, even though the ALJ did not use the words "great weight."

For the foregoing reasons, the Commissioner's decision is supported by substantial evidence and should not be disturbed.  42 U.S.C. § 405(g); Lewis, 125 F. 3d at 1439;

---

[4]It is also noteworthy that the VA has a special regulation, which the Social Security Administration does not have, under which a tie goes to the claimant:

> It is the defined and consistently applied policy of the Department of Veterans Affairs to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant.

> 38 C.F.R.§ 3.102

*Case No:*

Foote, 67 F.3d at 1560.  Furthermore, Mr. Baldwin has failed to show that the ALJ applied improper legal standards, erred in making his findings, or that any other ground for reversal exists.

It is respectfully **RECOMMENDED**:

That the decision of the Commissioner be **AFFIRMED**, that this action be **DISMISSED,** and that the clerk be directed to close the file.

At Pensacola, Florida this 31st day of August 2015.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.