UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD BALDWIN,

    Plaintiff,

v.                                           Case No. 3:14cv157/MCR/MD

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 31, 2015 (doc. 16).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The Court has made a *de novo* determination of the timely filed objections (doc. 17).

Plaintiff objects arguing that the ALJ failed to identify the amount of weight given to the VA disability determination, or to give it any weight at all, and asserts this is reversible error, relying on *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981).[1]  The Court agrees with Plaintiff and respectfully disagrees with the Magistrate Judge's recommendation in this instance.  An ALJ is required to give "great weight" to a VA disability determination, though it is not binding; to "closely scrutinize" it; and, if necessary, to explain why it should be discounted.  *Id.*; *see Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (stating the ALJ need not give great weight to a VA disability decision if the ALJ adequately explains valid reasons for not doing so, and affirming where the ALJ had discussed specific reasons for giving the VA determination "diminished weight").  Although the Eleventh Circuit does not require an ALJ to quantify numerically the exact weight given to a VA disability determination, *see Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854 (Oct.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this Circuit).

24, 2013) [2] (finding meritless a contention that the ALJ must state the "precise amount" of weight assigned to the VA determination), or to refer to each piece of evidence, the ALJ has a duty to sufficiently explain "the weight accorded to each item of evidence" and the reasons for those decisions to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981).  The Eleventh Circuit has affirmed the Commissioner's decision over objections that an ALJ failed to accord "great weight" to the VA's determination where it was clear that the VA's decision had been closely scrutinized and considered despite the absence of an express statement by the ALJ of the weight accorded it.  *See Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777 (Feb. 18, 2015) (affirming where ALJ found VA disability rating was not entitled to controlling weight but ALJ explained the reason in detail, assigning weight to the VA examiner's' opinions, VA care provider opinions, and VA treatment records); *Adams*, 542 F. App'x at 856-57 (affirming where ALJ discounted VA's disability determination without stating how much weight was assigned but where reasons were given to explain why the VA treatment records were discounted, showing the VA's determination was expressly considered and scrutinized); *Kemp v. Astrue*, 308 F. App'x 423 (11th Cir. 2009) (affirming on finding ALJ "implicitly" accorded great weight to a VA disability rating where the decision showed the ALJ had *explicitly* relied on the VA's evaluations and ratings throughout the evaluation process and relied on the VA's determination in finding a severe impairment).  In those decisions, the Eleventh Circuit noted that the ALJ had relied on and discussed the VA records and opinions.

      For the most part, the ALJ in this instance complied with the duty to explain the weight given to the evidence.  With regard to the VA disability determination, however, the ALJ merely referenced it and noted the VA's rating that Plaintiff is 100% unemployable.  The ALJ did not explain whether the VA's determination was given any weight nor did the ALJ offer any explanation for discounting the VA's determination except to say that the VA's decision is not binding and that the VA uses different standards.  The ALJ then continued with the five-step analysis with no further mention of the VA's determination.  Although the

---

[2]  While unpublished opinions are not considered binding, they may be considered as persuasive authority.  *See* 11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

*Case No: 3:14cv157/MCR/MD*

Court could infer that the ALJ had given the VA determinations great weight if the ALJ had expressly discussed or explained some of the VA records, this is not evident.  The ALJ discussed having reviewed over 1,100 pages of treatment records and explained the weight given to records including the claimant's Social Security Agency interview, the Department of Correction treatment records, and a state Social Security Agency psychological consultant exam.  But, on the Court's review of the exhibits expressly cited, none was a VA treatment record and the ALJ offered no explanations related to any VA treatment records.  Because the ALJ failed to explicitly discuss any VA treatment records or explain the reason for discounting the VA's disability determination in view of the record, the Court cannot find that the ALJ implicitly gave close scrutiny or great weight and consideration to the VA's disability determination.  *See, e.g., Gonz v. Comm'r of Soc. Sec.*, 2013 WL 4494313 (M.D. Fla. Aug. 20, 2013) (reversing and remanding for further consideration where ALJ referenced the VA's determination only in passing, cited the regulations stating such decisions are not binding, and "failed to engage in any meaningful evaluation of the VA's decision"); *Salamina v. Colvin*, 8:12cv1985, 2013 WL 2352204 (M.D. Fla. May 29, 2013) (same).  Thus, the Court reverses and remands for further consideration pursuant to 42 U.S.C. § 405(g).

Accordingly, it is now **ORDERED** as follows:

1. The Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is **SUSTAINED**.

2. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings.

3. The Clerk is directed to enter judgment in favor of Plaintiff and against the Commissioner and close the file.

**DONE AND ORDERED** this 17th day of September 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Case No: 3:14cv157/MCR/MD*